Commonwealth *v.* Jones, Appellant.

Argued September 14, 1967. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*Theodore S. Danforth,* Public Defender, for appellant.

*Wilson Bucher,* District Attorney, for Commonwealth, appellee.

Opinion by Watkins, J., December 14, 1967:

This is an appeal by the defendant-appellant, Carl Hershey Jones, from the order of the Court of Quarter Sessions of Lancaster County, holding that the appellant was not entitled to credit on his sentence for the time of his confinement in Embreeville State Hospital.

The appellant was charged with arson and committed to Lancaster County Prison in default of bail on November 13, 1964. Subsequently, the Court granted an examination by a Commission under the provisions of the Mental Health Act of 1951 and he was committed to Embreeville State Hospital on December 14, 1964 by the Lancaster County Court.

He was released from the Embreeville State Hospital on July 28, 1966, returned to Lancaster County

Prison and pleaded guilty on September 20, 1966. He was sentenced to a term in the Eastern State Penitentiary for a period of not less than four (4) years nor more than eight (8) years.

After transfer to the State correctional institution at Huntingdon, the appellant learned that the prison's record bureau had so calculated his sentence as to disallow credit for the time spent at the Embreeville State Hospital. He then filed a petition under the Post Conviction Hearing Act, and a rule to show cause was granted upon the Commonwealth. After argument, the court below entered an order disallowing the credit.

The Act of May 28, 1937, P. L. 1036, Sec. 1, 19 PS 894, reads in part as follows:

". . . all sentences for criminal offenses of persons who at the time sentence is imposed are held in custody in default of bail, *or* otherwise, shall begin to run and be computed from the date of commitment for the offense for which said sentence shall be imposed . . ." (emphasis supplied)

The Act of August 14, 1963, P. L. 841, Sec. 1, 19 PS 898, provides as follows:

"Any person who has been convicted in any court in this Commonwealth and sentenced to a term of imprisonment shall be given credit toward the service of his sentence for any days spent *in custody* on this offense prior to the imposition of his sentence, including any days spent in custody on this offense prior to the entry of bail." (emphasis supplied)

The question before this Court on appeal is whether this appellant was "in custody" as an inmate of Embreeville State Hospital. The court below held that the time spent in Embreeville was not spent "in custody". In *Com. ex rel. Spanos v. Keenan*, 176 Pa. Superior Ct. 245, 107 A. 2d 593 (1954), a defendant was committed to the Pennsylvania Institution for Defective Delinquents at Huntingdon for treatment. This

Court said at page 249: "The court below in determining that relator was entitled to credit on bill No. 202 stated: '. . . the Act of 1937, P. L. 1036, section 1 (19 PS 894) in substance provides that a defendant is entitled to credit for the period during which he is held in custody pending disposition of the charges brought against him and on this basis he would be entitled to credit for the whole period of detention, including that while he was in restraint at the institution for mental defectives.' "

In *Commonwealth v. Wright,* 97 Pittsburgh Legal Journal 301, credit was given for time spent in Farview State Hospital and Montefiore Hospital prior to sentence. The late Judge ADAMS of the Allegheny County Court, in an able opinion, at page 302, stated:

"The Legislature intended, by the Act of 1937, to require that a defendant who is in custody when called for sentence shall be given credit against the term of the sentence for the period during which that custody had continued unbroken, if the cause of the custody was the offense for which sentence is imposed. The requirement in the statute, that the sentence shall begin to run from the date of the last commitment, is a device used to deny credit for periods . . . of liberty. Clearly a defendant is not to be given credit for time at liberty on bail or a period of restraint preceding that period. In this case we are asked to say that the periods spent in Farview State Hospital and in the Montefiore Hospital are periods of liberty; that defendant is to be given credit only from the date he was remanded to jail after the second period of hospitalization. Our decision is that his sentence should begin to run from August 14, 1945, the date of his first commitment.

"When the defendant was removed to Farview State Hospital, he continued under involuntary restraint. He was later removed to the Montefiore State

Hospital for surgical care which could not properly be given in the Allegheny County Jail. While there he continued under involuntary restraint. He was not at liberty. These periods did not break the continuity of custody contemplated by the statute. This interpretation of the statute is supported by the legislative policy of Pennsylvania. The Act of 1923, P. L. 988, Art. III, Sec. 308, as amended, 50 P.S. 48, requires that credit for time spent in a mental hospital be given in calculating the prison term of one who is hospitalized while under sentence."

. We cannot agree with the court below that the provision of The Mental Health Act of 1951, June 12, P. L. 533, §348, 50 PS §1228, and §4411(c)(1), 50 PS Pocket Parts 1966, §4411, of The Mental Health Act of 1967, that requires credit for time spent in a mental hospital when the defendant is hospitalized under sentence and the Acts failure to include credit when committed after arrest and before sentence, is an indication that he is not entitled to credit when committed prior to sentence.

The Act of 1937, supra, provides credit for time held in custody in default of bail, *"or otherwise"*. (emphasis supplied) If the interpretation this Court made of the 1937 Act in *Com. ex rel. Spanos v. Keenan,* supra, in 1954, was not the intention of the legislature the matter could well have been clarified by the statute of 1963.

"Custody, in criminal law, is the same thing as detention, in civil law, and is synonymous with imprisonment. Imprisonment is the detention of a person contrary to his will." Words and Phrases, Vol. 10, page 722. It seems too clear for argument that this appellant has been in custody from the date of the arrest to the present time. He has at all times been under the jurisdiction and subject to the authority of the court; has been restrained of his liberties during the entire time of confinement; and if he had violated this

custody by "walking away" he would have been apprehended by the authorities and either returned to the hospital or to the county jail.

The order of the court below is reversed and it is directed that the court below credit the appellant with the time spent on commitment to Embreeville State Hospital at Embreeville, Pennsylvania from December 14, 1964 to August 14, 1966, being twenty months, on the sentence imposed by the court below on September 20, 1966.

WRIGHT, J., would affirm on the opinion of Judge BROWN of the court below.