399 A.2d 1129

COMMONWEALTH of Pennsylvania,

v.

**Robert H. USHER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided March 28, 1979.

---

Ross E. Cardas, Assistant Public Defender, Mercer, for appellant.

David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before VAN der VOORT, SPAETH and MONTGOMERY, JJ.

PER CURIAM:

The sole question in this case is whether the appellant is entitled to credit for five months and twenty two days he had spent in Abraxas during probation, on his sentence of 1½ to 5 years imprisonment which was imposed following his probation violations.

Abraxas Foundation, Inc. is a non-profit organization operating a comprehensive residential treatment program as an alternative to incarceration for youthful offenders, with a grant from the Pennsylvania Governor's Council on Drug and Alcohol Abuse. However, its principal source of income is received from the county or juvenile court which refers subjects to it.

Act 63, passed June, 1972, gave sentencing courts several options for the treatment and rehabilitation of first offenders in drug and alcohol related cases. Its intent was to keep youthful offenders out of the penal system and, instead, involve them in viable treatment programs. Its facility known as Abraxas I, where appellant was required to go as a condition of probation, is located six miles North of Mar-

ienville, Pennsylvania, on a fifty acre tract of land completely surrounded by the Allegheny National Forest and accessible only by dirt roads six miles into the forest from the nearest village.

Security measures to prevent its subjects from walking away consist of a "head count" made regularly on a 24 hour a day basis plus a program arrangement which compels each resident to be in a given place at a given time. The "head counts" occur at least every hour, and at times, more frequently. There are no armed guards but the isolation is such that it discourages walking away. However, if such occurs, the attendants make a search of the area, then notify the local police and the probation office, parole office or court which has jurisdiction over the person. Sometimes, search warrants are secured and the person arrested.

On discharge, the person's probation officer is notified to arrange transportation back to the sentencing county and occasionally the person is housed in the local county jail or hospital until that can be arranged.

During the period a person is at the facility, he is supplied with all necessities except clothing which his family must provide. These expenses are paid from state or federal funds.

Following a hearing on appellant's petition to reconsider his sentence by allowing him credit for the aforesaid time, the lower court, by the Hon. John Q. Stranahan, P. J., denied the petition basing its conclusion on the fact that the instant case was distinguishable from *Commonwealth v. Jones,* 211 Pa.Super. 366, 236 A.2d 834 (1967). We disagree, although admittedly the question is close.

The issues must be decided on our interpretation of "Custody" as intended by Pa.R.Crim.P. 1406(b) and 19 P.S. 898. The word, as set forth in *Jones,* means in criminal law the same as detention in civil law, and is synonymous with "imprisonment" which is detention of a person contrary to his will.

In *Jones,* the subject had been committed to Embreeville State Hospital for an examination by a Commissioner under

the provisions of the Mental Health Act of 1951. In granting him credit for the time spent there, this court in an opinion by Judge Watkins, later President Judge, found him to have been in custody because he had been under the jurisdiction of, and subject to, the control of the court; he had been restrained of his liberties; and if he had walked away, he would have been apprehended by the authorities and either returned to the hospital or to the county jail.

The only distinction from this case and *Jones* that we can perceive is in the amount of restraint exercised in the two cases. From the testimony taken at the hearing, and considering the various rules and regulations of Abraxas, we conclude that the restraint of the appellant during his stay at Abraxas was sufficient to satisfy the requirement of "Custody" set forth in the rule and the statute herein before mentioned so as to qualify him for credit on his sentence for the time spent there. Attendance at Abraxas does not impress us as voluntary and at the will of appellant, particularly since he was sent back twice.

The order denying appellant's petition to recomputate his sentence is reversed, and a credit of five months and twenty two days is allowed on his sentence.

VAN der VOORT, J., notes dissent.