James Cox, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs April 18, 1983, to Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Timothy P. Wile,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him *Robert A. Greevy,* Chief Counsel, *Jay C. Waldman,* General Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE DOYLE, November 2, 1983:

Petitioner appeals the decision of the Pennsylvania Board of Probation and Parole (Board) which ordered the Petitioner recommitted as a convicted and technical parole violator.

In 1976 Petitioner was paroled from the State Correctional Institution at Graterford upon the condition that he be admitted to the in-patient drug rehabilitation program at the Eagleville Hospital. Upon successful completion of the program Petitioner was released, and while still on parole, committed two new offenses for which he was subsequently sentenced. The Board conducted parole violation and revocation hearings and recommitted Petitioner to serve his unexpired term, while extending the term's maximum expiration date.

In his Amended Petition for Review,[1] Petitioner argues that the Board incorrectly calculated his term's maximum expiration date by failing to give him credit for the time spent as a patient at Eagleville Hospital.

---

[1] Petitioner originally filed a "Petition to Secure Proper Jail-time Credit" with the Court of Common Pleas of Philadelphia County. Relief was denied and Petitioner filed a Petition for Writ of Mandamus with the Superior Court. The Superior Court transferred the matter to our docket and we considered it a petition for judicial review of the Board's administrative action. Counsel was appointed and directed to file an Amended Petition for Review. Prior to filing the Amended Petition for Review, counsel for the Petitioner filed a Petition for Administrative Review, pursuant to 37 Pa. Code §71.5(h), which was denied.

When a parolee is recommitted as a convicted parole violator, he is required to serve the remainder of his unexpired term, and "shall be given no credit for the time at liberty on parole."[2] Although Petitioner was on parole while a patient at the Eagleville Hospital, he argues that he was not *at liberty* on parole because of the restrictive nature of the hospital program. Therefore he argues that he can be given credit for the time spent at the hospital.

The term "at liberty on parole" refers to that period during which the parolee is free from confinement on the sentence imposed. *Hines v. Pennsylvania Board of Probation and Parole,* 491 Pa. 142, 420 A.2d 381 (1980). While all forms of parole involve some restraint on the parolee's liberty,[3] only those periods of actual incarceration while on parole can receive credit upon recommittal. *See Jones v. Pennsylvania Board of Probation and Parole,* 44 Pa. Commonwealth Ct. 610, 404 A.2d 755 (1979).

Petitioner's participation in the Eagleville Hospital drug rehabilitation program as a condition of parole, while certainly a restraint on his liberty, was clearly not a form of incarceration. Petitioner concedes that the hospital had no guards, fences, or other features which would confine patients against their will. Had Petitioner attempted to leave the hospital, it is apparent that no physical force would have been used against him. Petitioner contends that leaving the hospital was in violation of his parole and would have resulted in his immediate arrest. Yet, such a result is no different than that which would occur

---

[2] Section 21.1 of the Act of August 6, 1941, P.L. 861 added by Section 5 of the Act of August 24, 1951, *as amended,* 61 P.S. §331.21a.

[3] All parolees are subject to restrictions upon travel, place of residence and use of weapons, and in addition must maintain regular contact with the parole supervision staff. 37 Pa. Code §63.4.

upon the violation of any condition of parole. The mere threat of arrest upon the violation of a condi-. tion of parole does not constitute confinement.

Petitioner's reliance upon *Commonwealth v. Jones,* 211 Pa. Superior Ct. 366, 236 A.2d 834 (1967) is misplaced. In *Jones,* the appellant was committed to a state mental hospital while awaiting trial pursuant to Section 408 of the Mental Health and Mental Retardation Act of 1966.[4] On his release from the hospital, he was returned to the court, where he pled guilty and was sentenced. The Superior Court held that the appellant must be given credit on his sentence for the time spent in the mental hospital under a statute which required credit to be given for time spent, "in custody" prior to sentencing.[5]

The *Jones* case is clearly distinguishable. Unlike *Jones,* the present Petitioner was not under a court-ordered commitment to a hospital, nor was he under detention awaiting a return for further court proceedings.[6] Rather, Petitioner's presence at the drug rehabilitation program was voluntary, the result of his acceptance of a condition of parole. The hospital program did nothing to physically confine Petitioner and was not responsible for his legal detention. The procedure of court-ordered confinement and custody present in the *Jones* case is distinguishable from the

---

[4] Act of October 20, 1966, Special Sess. No. 3, P.L. 96, *as amended,* 50 P.S. §4408, repealed in part by Section 502 of the Mental Health Procedures Act, Act of July 9, 1976, P.L. 817, *as amended,* 50 P.S. §7502.

[5] Section 1 of the Act of August 14, 1963, P.L. 841, *formerly* 19 P.S. §898, repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1370]. A similar provision is now found in Section 9760 of the Judicial Code, 42 Pa. C. S. §9760.

[6] *See* Sections 408(e) and 409(b) of the Mental Health and Mental Retardation Act of 1966, 50 P.S. §§4408(e) and 4409(b).

present parole situation, and the *Jones* holding is therefore inapplicable.[7]

We conclude, therefore, that Petitioner is not entitled to credit for the time spent at Eagleville Hospital as a condition of parole, and accordingly, affirm the decision of the Board.

### ORDER

Now, November 2, 1983, the determination of the Pennsylvania Board of Probation and Parole in the above referenced matter, dated December 3, 1982, is hereby affirmed.

---

[7] Similarly, the holding in *Commonwealth v. Mallon*, 267 Pa. Superior Ct. 163, 406 A.2d 569 (1979) and *Commonwealth v. Usher*, 264 Pa. Superior Ct. 435, 399 A.2d 1129 (1979) which granted credit for time spent in a drug rehabilitation program, are also inapplicable to the present case. Both *Mallon* and *Usher* involved situations in which time spent in the program was a condition of probation rather than a condition of parole.