500 A.2d 811

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James P. PRYOR.**

Superior Court of Pennsylvania.

Submitted May 13, 1985.

Filed Sept. 27, 1985.

Reargument Denied Dec. 5, 1985.

240

Joel M. Kaufman, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Mitchell A. Kaufman, Assistant Public Defender, Pittsburgh, for appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

SPAETH, President Judge:

This is an appeal by the Commonwealth, pursuant to 75 Pa.C.S. § 3731(e)(4), from a judgment of sentence for driving under the influence of alcohol, 75 Pa.C.S. § 3731(a). The Commonwealth argues that by ordering appellee released on parole after 48 hours in jail, the trial court violated the provision of 75 Pa.C.S. § 3731(e)(1)(ii) that a person previously convicted of driving under the influence of alcohol—as appellee had been—"shall" be sentenced to a minimum term of imprisonment of "not less than 30 days." We agree and therefore vacate the judgment of sentence and remand for resentencing.

On March 5, 1984, appellee pleaded guilty to driving under the influence of alcohol. 75 Pa.C.S. § 3731(a)(1) and (4). The trial court knew that in 1982 appellee had been convicted of driving under the influence of alcohol, N.T. 3/5/84, 20–21, 25–26, but it refused to order appellee to serve a minimum term of imprisonment of not less than 30 days, as provided by 75 Pa.C.S. § 3731(e)(1)(ii).[1] The court

1. The section provides:
   (e) Penalty.—
      (1) Any person violating any of the provisions of this section
      [§ 3731 Driving under influence of alcohol or controlled substance]

informed appellee that "since your offense occurred prior to the new act [Act of Dec. 15, 1982, P.L. 1268, No. 289, § 9, effective in 30 days], we may take that into account for the sentence, but will not impose thirty days on you but impose two days on you." N.T. 3/5/84, 25–26. The sentence in its entirety was as follows:

And now Mar 5 1984, 19 [*sic*] Defendant sentenced to pay a fine of $300.00 to the Commonwealth. Pay costs of prosecution, and undergo an imprisonment of not less than 48 hours or more than 6 months in the Allegheny County Jail and stand committed.

EO: DIE:: SENTENCE EFFECTIVE

April 2, 1984 at 8:00 P.M. The court recommends alternative housing at Hummell House[.] Defendant to pay fine and costs at a rate as arranged by the Clerk of Courts. Defendant is hereby paroled at expiration of service of 48 hours minimum sentence. Defendant to report to AC [Allegheny County] Jail on Apr 2, 1984 at 8:00 P.M. Defendant to be released in the custody of a representative of Hummell House on condition he pay the costs of alternative housing forthwith.

On March 15, 1984, the Commonwealth filed a motion to modify sentence. In response, on April 3, 1984, the trial court modified appellee's sentence:

And Now April 3, 1984, after hearing in open court, Commonwealth's Motion to Modify Sentence is Granted. Sentence amended as follows.

And now April 3, 1984 Defendant sentenced to pay a fine of $300.00 to the Commonwealth. Pay costs of prosecution, and undergo an imprisonment of not less than 30 days or more than 6 mos. in the Allegheny County Jail

is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of:

. . . .

(ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

and stand committed. Defendant to receive credit for time he is presently serving at Hummell House. Defendant to be paroled on April 4, 1984 at the completion of 48 hour sentence. Defendant to undergo evaluation, to attend alcohol safe driving school, and to participate in any further evaluation and/or treatment deemed necessary by the probation office and the regional alcohol program. Defendant to pay a $150.00 fee in addition to regular court costs.[2]

The Commonwealth appealed the next day.[3]

The trial court states in its opinion that it modified the sentence "in response" to the Commonwealth's argument regarding appellee's prior conviction. Slip op. of tr. ct. at 1. The court supports its decision to parole appellee after 48 hours by stating that "[t]he decision and supporting rationale in this case is controlled by and consistent with the opinion entered in the case of *Commonwealth of Pennsylvania v. Robert B. Crye*, Superior Court of Pennsylvania Docket Numbers 759 PGH 84 and 761 PGH 84 and Court of Common Pleas of Allegheny County Docket Numbers CC 8311842A and CC 8311217A." *Id.* at 2. We have not yet listed *Crye* for argument; the opinion of the Court of Common Pleas in that case was apparently not published, and no copy of it was attached to the trial court's opinion in this case.

■ We may dispose of two issues summarily. The first issue is whether appellee's 1982 conviction of driving under

---

**2.** Appellee was not present at the resentencing hearing; his counsel was present but did not object to proceeding, although the trial court twice offered to arrange another time for the resentencing. N.T. 4/3/84, 2, 5. The court stated that "[w]e are not making a significant change in his sentence." N.T. 4/3/84, 5. The record does not indicate that the court reiterated the necessity of filing a motion to modify sentence within 10 days. *But see N.T. 3/5/84, 26. As appellant does not question the propriety of the resentencing hearing, we do not consider it.*

**3.** The notice of appeal incorrectly refers to March 5, 1984, the date of the original sentence, but since the notice followed the modified sentence, we do not consider this inaccuracy important. *See* Pa.R. Crim.P. 1410 Note.

the influence of alcohol could properly be considered by the trial court. (The briefs divide this issue into two sub-issues: whether the provision pursuant to which appellee was sentenced was *"ex post facto* legislation," and whether appellee's 1982 conviction was an "equivalent offense" within the provision.) This issue need not be decided, for, with no objection from appellee, the conviction was considered, and, notwithstanding the trial court's comments during resentencing, N.T. 4/3/84, 3–4, appellee's sentence was modified to reflect the conviction, *see* slip op. of tr. ct. at 1.[4] The second issue is whether the Commonwealth was obliged to allege the 1982 conviction in the information. This issue is raised for the first time on appeal. The record shows that the information did not allege the 1982 conviction. At the resentencing proceeding the trial court nevertheless imposed the minimum sentence, as though the conviction had been alleged. The Commonwealth may therefore not complain, and neither may appellee, for he did not object to the court considering the conviction, either during the resentencing hearing or in a motion to modify sentence. Given appellee's failure to raise this issue in the trial court and his repeated requests that we affirm the judgment of sentence, *see, e.g.,* Brief for Appellee at 7, 10, 15, 22, we find the issue of the necessity of alleging a prior conviction waived.

The issue that is properly before us is whether, by ordering appellee released on parole after 48 hours in jail, the trial court violated the sentencing provisions of 75 Pa.C.S. § 3731(e)(1)(ii).

**4.** If we were to construe appellee's arguments on these two points as going to the legality of his sentence, we should find them without merit. *Commonwealth v. Grady,* 337 Pa.Super. 174, 486 A.2d 962 (1984), rejected the *ex post facto* argument. With regard to whether a conviction for driving under the influence of alcohol, as defined by the Act of June 17, 1976, P.L. 162, No. 81, § 1, is an "equivalent offense" to appellant's current conviction, we find that it is. Appellant pleaded guilty to both 75 Pa.C.S. § 3731(a)(1) and (a)(4); the former repeats verbatim the definition contained in the 1976 Act. *Cf. Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985) (equivalency of prior conviction not addressed, but sentence affirmed where prior offense driving under the influence of alcohol); *Commonwealth v. Grady, supra* (same).

■ Appellee argues that the trial court could order appellee released on parole because a court "may grant parole ... even if there is a mandatory sentence, unless such is expressly prohibited by the legislature." Brief for Appellee at 20. This argument begs the question, which is whether here the legislature *has* expressly prohibited parole:

> The power to grant paroles is not inherent in courts; Pennsylvania never had such power until it was given to them by the Act of June 19, 1911, P.L. 1059, and then only with respect to prisoners in county jails and workhouses. What the legislature thus gave it can take away again in whole or in part and vest in some other agency of government. The legislature has exclusive power to determine the penological system of the Commonwealth. It alone can prescribe the punishments to be meted out for crime. It can provide fixed penalties or grant to the court such measure of discretion in the imposition of sentences as it may see fit. It may enact that prison confinement shall be the punishment for crime or may abolish prisons altogether and adopt some other method of enforcing the criminal law.

> *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 587, 28 A.2d 897, 900 (1942).

We have already quoted the statutory language[5]; the critical provision is that "the sentencing court shall order the person to ... serve a minimum term of imprisonment of ... not less than 30 days...." 75 Pa.C.S. § 3731(e)(1)(ii). In construing this provision, we have concluded that the legislature's choice of the word "shall" demonstrates its intent that the minimum term of imprisonment is mandatory, and may not be avoided by releasing the convicted person on early parole. *See Zimmerman v. O'Bannon,* 497 Pa. 551, 558–59, 442 A.2d 674, 678 (1982) ("[T]he inclusion of 'shall' when referring to the obligation of the court ... was intended to convey the lack of the court's discretion in that decision."). *Cf. Commonwealth v. Godsey,* 342 Pa.Super. 24, 492 A.2d 44 (1985) (referring to sentence as

5. Note 1, *supra.*

mandatory); *Commonwealth v. Hernandez,* 339 Pa.Super. 32, 488 A.2d 293 (1985) (same). *See also Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985) (discussing whether district attorney's discretion is limited by the "mandatory sentencing provisions").

We are aware that other sentencing enactments contain an explicit expression of legislative intent to restrict judicial sentencing authority. *See* 42 Pa.C.S. §§ 9712(c), 9713(d), 9714(d), 9715(c) ("There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsection (a) or to place such offender on probation or to suspend sentence"); 42 Pa.C.S. §§ 9717(b), 9718(b) ("Parole shall not be granted until the minimum term of imprisonment has been served."); 42 Pa.C.S. § 9721(a) (court may consider and select among sentencing alternatives "except where a mandatory minimum sentence is otherwise provided by law"). However, the language of the sentencing provision we must construe is clear and the absence of such a restrictive provision as is included in other statutes makes it no less clear.

Other principles of statutory construction support this result. In 1911, the legislature first granted courts the authority to parole those confined in a county jail, house of correction, or workhouse. Act of June 19, 1911, P.L. 1059, § 1, as amended Act of May 5, 1921, P.L. 379, § 1; Act of May 11, 1923, P.L. 204, § 1, repealed in part Act of Aug. 6, 1941, P.L. 861, § 35, 61 P.S. § 314. *See also* 61 P.S. § 331.17. The sentencing provision pursuant to which appellee was sentenced was passed as part of a 1982 revision of the Motor Vehicle Code's provisions specifically concerned with driving under the influence of alcohol. As a special provision, it must prevail over the general provisions of the statute authorizing parole:

Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the

two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provisions, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933.

*Cf. Commonwealth v. Sourbeer*, 492 Pa. 17, 422 A.2d 116 (1980) (statute requiring maximum and minimum sentences will not prevail over later enacted statute requiring mandatory life sentence). Appellee's interpretation of the statute would nullify the word "shall," and thereby violate the principle that effect must be given to all the language in a statute. 1 Pa.C.S. § 1922(2) (legislature intends entire statute to be effective); *Id.* § 1921(a) (statute shall be construed if possible to give effect to all its provisions). Another way to state this is that appellee's interpretation would lead to an absurd result: the legislature's direction to the court to sentence defendants to certain minimum terms would be made meaningless for the court could in its discretion ignore the direction. 1 Pa.C.S. § 1922(1) (legislature does not intend absurd result).

Finally, the legislative history of the statute makes plain that "shall" is to be construed in a straightforward manner. *See* Pa.House Leg. J. 1704 (Sept. 9, 1982) (remarks of Representative Saurman) ("From the second time on, this bill says 'jail,' and it means jail...."); *id.* 1721 (Sept. 9, 1982) (remarks of Representative Evans) ("What you are actually saying is that they will go to jail 30 days, no parole, no good time, nothing but 30 days in jail."). In 1984 an amendment relating to work release for the purposes of collecting litter was enacted.[6] Act of June 30, 1984, P.L. 473, No. 99, § 2; Act of July 10, 1984, P.L. 704, No. 148, § 1, 75 Pa.C.S. § 3731(h). According to Senator Early:

It is my interpretation of this [amendment relating to work release] and I want to have it on the record, that it

---

**6.** An identical work release provision had been proposed in 1982 but was not retained in the final version of the 1982 bill.

is the legislative intent that an individual who participates in the work release program is an individual who is incarcerated for the necessary time that the judge has sentenced him. This is not in lieu of an individual going to jail. He goes to jail, he is out in the daytime in the work release program, and then he goes back to jail.
. . . .

Pa.Senate Leg. J. 2637 (June 29, 1984).

We therefore hold that the trial court had no discretion to grant appellee early parole.

Sentence vacated and case remanded for resentencing. Jurisdiction is relinquished.

WIEAND, J., files a concurring opinion.

WIEAND, Judge, concurring:

The power to grant paroles to prisoners in county jails and workhouses has been granted to courts of common pleas by the Act of June 19, 1911, P.L. 1059, § 1, as amended, 61 P.S. § 314. My reading of the provisions of 75 Pa.C.S. § 3731 does not disclose a legislative intent to take away this power of parole in cases where a person has been sentenced to prison for driving while under the influence of alcohol pursuant to the mandatory sentencing provisions of 75 Pa.C.S. § 3731(e)(1). To the extent that the majority holds that trial courts are powerless to grant paroles in such cases, therefore, I must respectfully voice my dissent. There may very well be cases in which a trial court, acting in a manner procedurally consistent with the Act of 1911, *supra*, can properly grant parole even before a prisoner has fully served a mandatory minimum sentence of imprisonment imposed pursuant to 75 Pa.C.S. § 3731(e)(1).

This case, however, is not one of them. Here, no petition for parole was filed, no parole hearing was held, and no reasons were alleged by the defendant or given by the court for granting parole. Instead, the record discloses a blatant attempt by a trial court to avoid imposition of the mandatory sentence required by 75 Pa.C.S. § 3731(e)(1). This was

improper. In this respect, I agree with the Commonwealth that: "The device of sentencing a defendant and granting him immediate parole is a sham and does not comply with the statute." (Appellant's brief, p. 8). The use of immediate parole to avoid compliance with mandatory sentencing provisions is improper and deserves the condemnation of this Court. In my judgment, however, it is not necessary to throw out the baby with the bathwater. It is not necessary to deprive courts of the power to grant parole in order to prevent the abuse committed in this case.

Although I do not agree with the majority that the power of trial courts to grant parole has been taken away by the mandatory sentencing provisions of 75 Pa.C.S. § 3731(e)(1), I do agree that the sentence in this case, which included an immediate parole, was an abuse of discretion. Therefore, I concur in the decision of the majority to vacate the sentence and remand for resentencing.