499 A.2d 1078

COMMONWEALTH of Pennsylvania, Appellant,

v.

Mitchell N. FILIUS, Appellee.

Superior Court of Pennsylvania.

Submitted May 13, 1985.

Filed Oct. 18, 1985.

Joel M. Kaufman, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

John H. Corbett, Jr., Public Defender, Pittsburgh, for appellee.

Before SPAETH, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

When a defendant has been convicted of driving while under the influence of alcohol, does the sentencing court have discretion to place him on probation in lieu of sentencing him to prison for a minimum of 48 hours as mandated

by statute? The sentencing court in this case expressed disagreement with legislatively mandated sentences of imprisonment and sentenced Mitchell N. Filius, who had entered a plea of guilty, to pay a fine of $300.00 and probation for a period of six months. We hold that this was an abuse of discretion; and, therefore, we reverse.

It is without question that the "legislature has exclusive power to determine the penological system of the Commonwealth, and it alone can prescribe the punishments to be meted out for crime." *Commonwealth v. Bozzi*, 178 Pa.Super. 224, 230, 116 A.2d 290, 293 (1955), quoting *Commonwealth ex rel. Green v. Keenan*, 176 Pa.Super. 103, 106, 106 A.2d 896, 898 (1954). Accord: *Commonwealth ex rel. Banks v. Cain*, 345 Pa. 581, 587, 28 A.2d 897, 900 (1942); *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 38, 488 A.2d 293, 297 (1985); *Commonwealth v. Stone*, 229 Pa.Super. 24, 26, 323 A.2d 184, 185 (1974).

The legislature, at 75 Pa.C.S. § 3731(e)(1), has provided that:

> [a]ny person violating any of the provisions of this section is guilty of a misdemeanor in the second degree and the sentencing court *shall* order the person to pay a fine of not less than $300 and serve a minimum term of imprisonment of: (1) not less than 48 consecutive hours. (Emphasis added.)

This section, beyond question, imposes a mandatory, minimum sentence of imprisonment for not less than 48 hours whenever a person has been convicted of driving while under the influence of alcohol.

This is clear from the legislature's use of the word "shall." See: *Commonwealth v. Pryor*, 347 Pa.Super. ——, 500 A.2d 811 (1985). The use of the word "shall" when referring to the obligation of the court is intended to convey a lack of discretion on the part of the sentencing court. Cf. *Zimmerman v. O'Bannon*, 497 Pa. 551, 558–559, 442 A.2d 674, 678 (1982). The same intent is conveyed by the language of 75 Pa.C.S. § 3731(e)(3), where the legislature referred to "the mandatory penalties of this section" and

directed that they not be superseded by sentencing guidelines applicable to other offenses.

In *Commonwealth v. Pryor, supra,* this Court held that a sentencing court could not avoid imposing the sentence mandated at 75 Pa.C.S. § 3731(e)(1)(ii) by granting immediate parole. That decision is controlling of the instant appeal. If a mandatory sentence of imprisonment cannot be avoided by an immediate grant of parole, it seems even more certain that a sentence of imprisonment cannot be avoided by the expedient of suspending the sentence of imprisonment and placing the defendant on immediate probation. To hold otherwise would be to vest in sentencing courts the discretion, at will, to ignore the legislative mandate.

Appellee argues that courts have an inherent power to suspend a sentence of imprisonment and that this power can be taken away only by express and unequivocal statutory enactment. This argument is lacking in merit. Courts do not have unfettered discretion to suspend sentences of imprisonment in favor of probation. The legislature

"alone can prescribe the punishment to be meted out for crime. It can provide fixed penalties or grant to the court such measure of discretion in the imposition of sentences as it may see fit. It may enact that prison confinement shall be the punishment for crime or may abolish prisons altogether and adopt some other method of enforcing the criminal law."

*Commonwealth v. Pryor, supra* 347 Pa.Super. at ——, 500 A.2d at 814, quoting *Commonwealth ex rel. Banks v. Cain,* 345 Pa. 581, 587, 28 A.2d 897, 900 (1942). The legislature, at 42 Pa.C.S. § 9721, has authorized probation as one form of sentence which may be imposed by a court, but it has carefully carved out an exception "where a mandatory minimum sentence is otherwise provided by law." [1] There-

1. The statutory language is as follows: "In determining the sentence to be imposed the court shall, *except where a mandatory minimum*

fore, it seems clear that the legislature has taken away from courts the power to impose a sentence of probation in those cases where a person has been convicted of driving while under the influence of alcohol.

It is unnecessary that we comment upon the wisdom of the legislative decision to deprive courts of the power to impose sentences of probation, irrespective of the facts, in a whole category of criminal cases. It is enough for our purposes that the legislature has the power to do so. The legislature discerned a need to act in response to societal harm being caused by drunken drivers and elected to exercise the power which it possessed to require that offenders be imprisoned. Whether the remedy will prove worse than the sickness, as some have predicted, can only be determined after the legislative enactment has had time to work its cure.

Reversed and remanded for resentencing. Jurisdiction is not retained.

*sentence is otherwise provided by law,* consider and select one or more of the following alternatives ...: (1) An order of probation...." (Emphasis added.)