## Commonwealth v. Carlin

*Glenn Davis, assistant district attorney,* for the commonwealth.

*Stephen P. Lagoy,* for defendant.

GAVIN, *J.,* October 29, 1987—This matter comes before the court en banc on defendant's motion to modify sentence, in which he requests credit for time served in an alcohol rehabilitation program.

Defendant was charged with violating 75 Pa.C.S. §3731. On October 29, 1986, at a time when defendant was not in a bail status, his preliminary hearing was commenced, but not concluded. After several continuances, the preliminary hearing was concluded on April 8, 1987, and bail was set. Between December 2, 1986, and January 31, 1987, defendant voluntarily underwent in-patient treatment for alcohol abuse at the Paoli Memorial Hospital and the Malvern Institute.

On June 29, 1987, defendant entered an open plea of guilty to the charge of driving under the influence, and on August 25, 1987, the court imposed a sentence of 30 days to 23 months. Defendant submits that he should receive credit on his sentence for the time he spent in the alcohol abuse program.

42 Pa.C.S. §9760(1) provides:

"After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

"(1) Credit against the maximum term and any minimum term shall be given to the defendant *for all time spent in custody* as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." (emphasis added).

The commonwealth argues that an alcohol rehabilitation program does not constitute "custody" as contemplated in 42 Pa.C.S. §9760. It argues that defendant entered the program voluntarily, and that the program is not sufficiently custodial to be deemed "imprisonment," as mandated by 75 Pa.C.S. §3731(e). "Imprisonment" is the detention of a person contrary to his will. *Commonwealth v. Usher,* 264 Pa. Super. 435, 399 A.2d 1129 (1979); *Commonwealth v. Jones,* 211 Pa. Super. 366, 236 A.2d 834 (1967).

In this case, defendant did not attend the rehab program as a condition of bail, or under any other judicial mandate, but, rather, entered the program entirely of his own volition, in recognition of his alcohol dependency. Thus defendant was not under the jurisdiction or control of the court, and was therefore not in custody. This aspect distinguishes the present case from all those cases allowing credit for time served in a drug or alcohol rehabilitation program. See *Commonwealth v. Usher,* supra; *Commonwealth v. Mallon,* 267 Pa. Super. 163, 406 A.2d 569 (1979); *Commonwealth v. Jones,* supra; cf., *Commonwealth v. Cappiello,* 284 Pa. Super. 476, 426 A.2d 146 (1981); *Bennett v. Commonwealth, Pennsylvania Board of Probation and Parole,* 95 Pa. Commw. 373, 505 A.2d 1050 (1986); *Cox v. Com-*

*monwealth, Pennsylvania Board of Probation and Parole,* 78 Pa. Commw. 183, 467 A.2d 90 (1983). Because we base our holding on the lack of court control, we need not consider whether the custodial conditions of the alcohol treatment program at Paoli Memorial Hospital and the Malvern Institute rise to a level constituting imprisonment.

## ORDER

And now, this October 29, 1987, after argument en banc, defendant's motion to modify sentence is hereby denied. The court administrator shall reschedule defendant for sentencing.