565 A.2d 798

**COMMONWEALTH of Pennsylvania Appellant,**

v.

**John Joseph CONAHAN.**

Superior Court of Pennsylvania.

Argued April 18, 1989.

Filed Nov. 1, 1989.

---

Joseph J. Mittleman, Asst. Dist. Atty., Media, for Com., appellant.

Francis R. Lord, Media, for appellee.

Before CIRILLO, President Judge, and CAVANAUGH and HESTER, JJ.

HESTER Judge:

This is an appeal by the Commonwealth from the judg-- ment of sentence of thirty days to one year imprisonment for a second conviction for driving under the influence, entered by the Court of Common Pleas of Delaware County on November 7, 1988. The Commonwealth does not appeal

the actual sentence imposed, which is the statutorily mandated minimum sentence,[1] but asserts that the trial court erroneously credited appellee, John Conahan, with time served in an inpatient alcohol treatment program, and granted him immediate parole. The Commonwealth contends that this negates the legislature's purpose of punishment and deterrence by enacting 75 Pa.C.S. § 3731(e). We agree, reverse the trial court's according appellant credit for inpatient alcohol treatment, and remand for proceedings consistent with this opinion.

The record reveals that Upper Providence Township Police were notified of an accident near a highway exit ramp on February 8, 1988. Upon their arrival, the police discovered a single vehicle off the road and on an embankment. The owner, appellee, was in a nearby service station making a telephone call to locate a tow truck. Appellee stated that he had been forced off the road by an unidentified automobile. The police noted that appellee's speech was slurred and that he had a strong odor of alcohol on his breath. The police placed appellee under arrest after he failed to perform satisfactorily on several field sobriety tests. Despite being advised of the consequence of his refusal, appellee refused to submit to any chemical test of his blood for alcohol content. This was appellee's second drunk driving offense.

Pursuant to an agreement, appellee pled guilty to a negotiated plea. At sentencing on November 7, 1988, appellee established that he had participated in three in-patient alcohol treatment programs over a consecutive ninety-five day period. This testimony was uncontested. Appellee

---

1. 75 Pa.C.S.A. § 3731(e) provides as follows:
    (e) Penalty.—
    (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a minimum *term of imprisonment of:*
        *(ii) not less than 30 days if the person has previously been convicted* of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years (emphasis added).

argued that the legislature used the word "imprisonment" in 75 Pa.C.S. § 3731(e) and inpatient treatment programs come within the definition of imprisonment; thus, he should be given credit for time served in those programs. We disagree.

"Imprisonment" is defined as:

The act of putting or confining a man in prison. The restraint of a man's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion. It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Every confinement of the person is an "imprisonment," whether it be in a prison, or in a private house, or even by forcibly detaining one in the public streets. Any unlawful exercise or show of force by which person is compelled to remain where he does not wish to be.

Black's Law Dictionary (5th ed. 1979). Consequently, appellee argued at sentencing that the legislature intended that the mandatory minimum sentence for a second DUI conviction could be served by "imprisonment," *i.e.* "confinement," in broader circumstances than just "jail." Otherwise, he contended, the legislature would have used the word "jail" in Section 3731(e), rather than "imprisonment." Appellee then asserted that his participation in inpatient alcohol treatment programs constituted confinement in custody, and thus imprisonment, so that the trial court must credit him with this time against his mandated imprisonment pursuant to the general rules requiring credit for time served. 42 Pa.C.S. § 9760 [2]; Pa.R.Crim.P. 1406(b).[3]

**2.** 42 Pa.C.S. § 9760(1) states:

Credit against the minimum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a

The court sentenced appellee to thirty days imprisonment to be served by fifteen consecutive, forty-eight hour weekends. The sentencing court then accepted appellee's arguments for credit, credited him for the in-patient time, and granted immediate parole. This appeal by the Commonwealth followed. On appeal, appellee reasserts the same arguments that he made at sentencing.

The Commonwealth, conversely, insists that the legislature, by enacting the driving under the influence statute, 75 Pa.C.S. § 3731, intended to require punishment by thirty days *in jail* for second DUI offenders, as a deterrent to the carnage on the Commonwealth's highways. The Commonwealth contends that granting credit, even for custodial in-patient treatment exceeding the mandatory minimum sentence, is contrary to the intent of the legislature to provide punishment as a deterrent; especially since it permits a defendant to choose the time and place to serve his sentence. In the present case, appellee began participation twenty days after his arrest in two hospital programs, Chestnut Hill Hospital and Eugenia Hospital, and then transferred to the Locust Mountain Treatment Center. He also attended Alcoholics Anonymous meetings regularly. The Commonwealth argues that credit for participation in these programs permits appellee to avoid jail and to serve his sentence in a manner which would constitute an illegal sentence if it were imposed for a second DUI conviction.

In support of this argument, the Commonwealth cites legislative history to show that the primary purpose of the mandatory minimum sentence in Section 3731(e) was to

result of the conduct on which such a charge is based. Credit shall include credit for time against in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

**3.** Rule 1406(b) provides:

A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date shall be specified by the judge. Credit, to be calculated by the clerk of court, shall be given as provided by law for any days spent in custody by the defendant for such offense or offenses prior to imposition of sentence.

punish, not to rehabilitate. A thorough review of the legislative history compels our agreement. Representative Saurman made the following remarks in support of amendment No. A 8810 (accepted and incorporated in 75 Pa.C.S. § 3731):

> During the deliberations of the task force, the requirements for 30, 60, and 90 days in jail, it was my understanding that those penalties carried with them the opportunity for a judge to release in work release those who were incarcerated, the reason being that the individual would in this way be able to maintain his job and support his family. The language that is in this bill defines a day as 24 consecutive hours.

*Pa. House Leg.* 1717 (September 9, 1982). Although it also was stated during the debate that the amendment did not specify where such sentence must be served, subsequent comments clearly establish that punishment by imprisonment in *jail* was contemplated by the language of Section 3731.

Another amendment, No. A 8718, proposed by Representative Evans, would have permitted first and second offenders to serve their mandatory sentence through community service. The amendment was divided in order to consider first offenders separately from subsequent offenders. The first part of the amendment with regard to first offenders was accepted, but the second part with regard to subsequent offender was rejected. *Pa. House Leg.* 1720–21 (September 29, 1982).

The second part of the amendment regarding repeat offenders was further sub-divided to separate the issue of mandatory prison sentence for repeat offenders (first part of Part II), from the issue of whether repeat offenders could serve their prison sentence through community service (second part of Part II). The following was stated as part of the debate:

> Mr. Ritter: Mr. Speaker, the reason for the second division is that we need to restore the language on the second, third and fourth offences to read "Serve a mini-

mum term of imprisonment . . ." That language has to be put back in so if we accept that part of the second amendment, then we would have in the bill that public service would be available to those who commit the first offense, *but the minimum prison term would be there for those who commit the second, third and fourth offense.* So I would ask support for the first part of the second part of the amendment.

The Speaker: The question before the House is the second portion of the amendment as submitted by the gentleman, Mr. Evans, excepting the words "Amend Sec 9 (Sec. 3731), page 17, line 14, by inserting after 'days' or perform not less than 80 nor more than 90 hours of community service work as determined by the court."

*Pa. House Leg.* 1723 (September 29, 1982) (emphasis added).

The first part of Part II of this amendment was approved 190 to two, with five not voting and two excused. *Id.* at 1725. Mr. Evans then withdrew the second part of Part II of his amendment regarding community service of the mandatory sentence for repeat offenders. *Id.* at 1725. The House subsequently approved amendment No. A 8715, permitting those sentenced to prison to participate in a daytime work release program that involved collecting litter, especially alcoholic beverage containers, from public and private property. 75 Pa.C.S. § 3731(h).

The Commonwealth next argues that case law has effectuated the legislature's intent by holding that mandatory minimum sentence for DUI offenders meant that "some type of incarceration is to be imposed even for first time offenses." *Commonwealth v. Sojourner,* 513 Pa. 36, 43 at n. 5, 518 A.2d 1145, 1148 at n. 5 (1986) (trial court erred in imposing a suspended sentence rather than mandatory minimum imprisonment). The Commonwealth cites numerous other decisions illustrating that sentences altering mandatory imprisonment have been vacated. *See Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985) (admission to ARD for first DUI offense rather than imprisonment is on discretionary motion by District Attorney only and is not a

sentencing alternative as a matter of right for the defendant); *see also Commonwealth v. Filius,* 346 Pa.Super. 434, 499 A.2d 1078 (1985) (mandatory minimum sentence of imprisonment precluded alternate sentence of probation); *Commonwealth v. Wagner,* 352 Pa.Super. 295, 507 A.2d 1237 (1986) (guilty plea and acceptance of ARD constituted a conviction so that a second DUI violation required imposition of a mandatory minimum of thirty days in jail and court's failure to impose incarceration resulted in illegal sentence); *Commonwealth v. Becker,* 366 Pa.Super. 54, 530 A.2d 888 (1987) (acceptance of ARD was conviction, even if defendant did not complete ARD).

The Commonwealth therefore argues that any punishment that does not constitute time in prison is invalid. The specific intent of the legislature to deter drunk driving by punishment is not satisfied by any alternate form of confinement that does not constitute jail. Thus, the DUI statutory punishment takes precedence over criminal general rules requiring credit against a sentence of imprisonment for time served in custody. *See* 42 Pa.C.S. § 9760 and Pa.R.Crim.P. 1406. In support of this argument, the Commonwealth cites *Commonwealth v. Waters,* 361 Pa.Super. 154, 522 A.2d 60 (1987) (DUI statute's specific provision for mandatory minimum sentence of imprisonment takes precedence over the general provision of 35 P.S. § 780–118, permitting substance-dependent defendants to undergo treatment as civil commitment for treatment in lieu of criminal punishment).

The trial court relied on memorandum opinion of this court. *Commonwealth v. Williamson* 384 Pa.Super. 646, 551 A.2d 598 (1988), upholding credit for inpatient treatment against a prison sentence for a second drunk driving offense. We note that memoranda do not constitute precedent. Therefore, that case has no precedential authority. Nevertheless, we concur with the reasoning in *Williamson.* However, *Williamson* is distinguishable since the defendant was sentenced to thirty-days in jail following completion of a thirty-day rehabilitation program in an alcohol

treatment center. Williamson petitioned to modify his sentence arguing that the rehabilitation program was custodial and, therefore, satisfied the minimum sentence mandated by the legislature. The trial court agreed and modified his sentence. The Commonwealth appealed, but a panel of this court determined that custody in the rehabilitation program pursuant to court order was involuntary confinement and constituted time in jail.

Instantly, appellee's confinement was not pursuant to a sentence. He voluntarily chose to participate in the programs and was not sentenced to serve them. He adduced no evidence that the programs involved confinement against his will or that he would be forced to return if he left.

In *Cox v. Bd. of Probation and Parole*, 78 Pa.Cmwlth. 183, 467 A.2d 90 (1983), the commonwealth court held that a prisoner's participation in a drug treatment program as a condition of parole did not permit credit against his sentence when his parole subsequently was revoked for other offenses. While there was restraint on the petitioner's liberty, the petitioner conceded that there were no guards, fences, or other features that confined patients against their will. The court further concluded that the petitioner's contention that violation of this condition would have resulted in incarceration was not a significant restraint of his liberty since all parole conditions have a similar affect. Finally, the court found that the petitioner's reliance on *Commonwealth v. Jones*, 211 Pa.Super. 366, 236 A.2d 834 (1967), was misplaced since he was not under a court-ordered confinement to a hospital, nor was he under detention awaiting a return for further court proceedings. Instead, the petitioner voluntarily chose to participate in the program in order to obtain parole.

The Pennsylvania Supreme Court reversed *Cox* on the basis that the record was deficient, since the court was unable to determine the extent of the restrictions on the petitioner's liberty. Nevertheless, the supreme court determined that the burden was on the petitioner to establish that the program presented an environment that was so

restrictive that he should get credit for time he spent in it. *See Cox v. Bd. of Probation and Parole,* 507 Pa. 614, 493 A.2d 680 (1985).

We find that appellee, similar to petitioner Cox, failed to establish that his confinement was involuntary. His participation was not required by the sentence imposed nor was the program involuntary. *See Commonwealth v. Usher,* 264 Pa.Super. 435, 399 A.2d 1129 (1979) (defendant kept at a remote rehabilitation camp against his will, and forcibly returned several times after escaping, must be credited with that time against a prior sentence).

We conclude the trial court abused its discretion in crediting appellee's voluntary participation in inpatient alcohol treatment programs against the mandatory sentence of thirty days imprisonment imposed for his second DUI offense.

Reversed and remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

CIRILLO, President Judge, files a concurring opinion.

CAVANAUGH, J., files a concurring statement and concurs in the result of the majority opinion.

CIRILLO, President Judge, concurring:

I join in the comprehensive opinion of the majority because it is a correct application of the present state of the law. However, I write separately to voice my belief that the law should be altered to permit those individuals who are convicted of the offense of Driving Under the Influence (DUI) to receive credit toward their prison sentences for time which they have voluntarily spent in inpatient alcohol rehabilitation programs since their arrests.

As the majority agrees, it is clear that had the court ordered the appellee to participate in the inpatient rehabilitation programs which he attended, he would be entitled to credit for his time there. Our holding in *Commonwealth v. Jones,* 211 Pa.Super. 366, 236 A.2d 834 (1967), supports this conclusion. In *Jones,* the appellant was charged with arson

and committed to prison in default of bail. Subsequently, the court ordered the appellant to undergo an examination pursuant to the provisions of the Mental Health Act of 1951. Following the examination, the appellant was committed to Embreeville State Hospital. Subsequent to his release from the hospital, he pleaded guilty to the charge against him and was sentenced. Ruling that the appellant was entitled to credit on his sentence for the time spent at the hospital, we stated:

> It seems too clear for argument that this appellant has been in custody from the date of the arrest to the present time. He has at all times been under the jurisdiction and subject to the authority of the court; he has been restrained of his liberties during the entire time of his confinement; and if he had violated this custody by "walking away" he would have been apprehended by the authorities and either returned to the hospital or to the county jail.

211 Pa.Super. at 370–71, 236 A.2d at 836. *See also Commonwealth v. Usher*, 264 Pa.Super. 435, 399 A.2d 1129 (1979) (appellant entitled to credit on his sentence for time spent at a comprehensive residential drug and alcohol treatment program).

In the instant case, the appellee, Mr. Conahan, did not wait for the court to order him to enter an inpatient rehabilitation program. Instead, he took it upon himself to seek treatment for his drinking problem. He voluntarily enrolled and participated in three inpatient alcohol treatment programs, at his own expense. Since completing these programs, Mr. Conahan has attended Alcoholic Anonymous meetings regularly and managed to maintain his sobriety. He has confronted his drinking problem and opted to secure treatment for it. By doing so, he has taken responsibility for his alcoholism and made headway to insure that he will not be driving on the road again while drunk.

If our ultimate goal is to prevent the tragic fatalities and wasteful destruction that is caused by drunk drivers, the

legislature should make it possible for our courts to reward those individuals who enter inpatient alcohol rehabilitation programs of their own volitation and make a concerted effort to combat their alcoholism. By treating and curing their alcoholism, those DUI offenders who are alcoholics will gain control over their lives and thus, over their decision to drink and drive. Only when that happens will those individuals cease to be a danger to our society because of their drunk driving. It is within the best interest of our society, then, for us to encourage and reward the effort of those DUI offenders who voluntarily seek treatment for their alcoholism. Moreover, because those individuals who are convicted of DUI and make no effort to seek treatment for their alcoholism until ordered to undergo treatment by the court receive credit towards their prison sentence for their time in treatment, it is illogical that those individuals who are convicted of DUI and voluntarily seek treatment go unrewarded for their endeavor.

Consequently, I would urge the legislature to consider giving our courts the discretion to grant those individuals who voluntarily enter inpatient alcohol rehabilitation programs credit toward their prison sentences for time which they spend in those programs. With this change, those DUI offenders who suffer from alcoholism may be motivated to seek help for their problem instead of waiting for the court to require them to get help. Our courts, meanwhile, will retain the authority to determine for each individual whether the time he or she has spent voluntarily in an inpatient rehabilitation program is time for which that person should receive credit.

CAVANAUGH, Judge, concurring:

I concur in the result reached by Hester, J. in his opinion. However, I leave for another day the issue of whether presence in a rehabilitation program pursuant to court order constitutes time in prison.

I join in President Judge CIRILLO's recommendation to the legislature.