572 A.2d 787

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Donald W.H. SHEARER.**

Superior Court of Pennsylvania.

Submitted Jan. 19, 1990.

Filed April 12, 1990.

Amy L. Hallenbeck, Asst. Dist. Atty., Williamsport, for Com., appellant.

Deborah A. Weinman, Williamsport, for appellee.

Before ROWLEY, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal by the Commonwealth from the judgment of sentence of thirty-days-to-nine-months imprisonment for a second conviction of driving under the influence, 75 Pa. C.S.A. § 3731(e)(1)(ii). The Commonwealth does not appeal the actual sentence imposed, which is the statutorily

mandated minimum sentence, but asserts that the trial court abused its discretion when it credited appellee, Donald Shearer, with time served in an in-patient alcohol treatment program and granted him immediate parole. The Commonwealth contends that the court's action is contrary to the language of 75 Pa.C.S.A. § 3731(e). For the reasons that follow, we reverse the trial court's ruling according appellee credit for in-patient alcohol treatment, and remand for proceedings consistent with this opinion.

On October 26, 1988, appellee was arrested and charged with driving under the influence of alcohol arising from an incident on October 3, 1988. On January 31, 1989, appellee pled guilty to the offense. On April 27, 1989, the court sentenced appellee to thirty-days-to-nine months incarceration. Appellee requested that the court give him credit against the mandatory minimum sentence for time he spent in an in-patient alcohol treatment program. Appellee argued that the program was similar to incarceration and thus should come within the definition of imprisonment as mandated by 75 Pa.C.S.A. § 3731(e). The court agreed and credited appellee for the time he spent in the program. Appellee was granted immediate parole because the mandatory minimum sentence had been served. The Commonwealth filed a motion to modify and/or correct an illegal sentence. On May 23, 1989, the trial court granted in part and denied in part the Commonwealth's motion.[1] This timely appeal followed.

The Commonwealth contends that the court erred in crediting appellee for time he spent in an in-patient alcohol treatment program that he attended voluntarily between conviction and sentencing. This question is controlled by our recent decision in *Commonwealth v. Cona-*

---

**1.** The Commonwealth's motion asserted that the court erred when it gave appellee credit for time he voluntarily spent in an in-patient treatment program. In the alternative, the Commonwealth asserted that if appellee is entitled to credit, the court erred by granting appellee immediate parole because he only had spent 28 days in the program. The court granted the Commonwealth's alternative argument and ordered appellee to serve two days incarceration.

*han,* 388 Pa.Super. 369, 565 A.2d 798 (1989).[2] In *Conahan,* we held that voluntary confinement in an in-patient alcohol treatment program is not imprisonment for purposes of 75 Pa. C.S.A. § 3731(e). *Id.,* 388 Pa.Superior Ct. at 379, 565 A.2d at 803. In arriving at this conclusion, the *Conahan* Court thoroughly reviewed the legislative history and found that allowing voluntary in-patient treatment programs to satisfy the imprisonment requirement of 75 Pa.C.S.A. § 3731(e) was contrary to the legislative purpose behind the statute. *Id.,* 388 Pa.Superior Ct. at 375–378, 565 A.2d at 801–02. *Accord Commonwealth v. Kriston,* 390 Pa.Super. 543, 568 A.2d 1306 (1990), (Court, sitting *en banc,* held electronic home monitoring is not imprisonment for purposes of 75 Pa. C.S.A. § 3731(e)). We are constrained to follow *Conahan,* and thus we must conclude that appellee's voluntary in-patient confinement was not imprisonment for the purposes of 75 Pa.C.S.A. § 3731(e). Accordingly, we reverse the sentence below and remand for resentencing consistent with this opinion.[3]

Reversed and remanded. Jurisdiction relinquished.

2. The lead opinion in *Conahan* (by HESTER, J.) was joined by CIRILLO, P.J. CIRILLO, P.J., also filed a concurring opinion. CAVA-NAUGH, J., concurred in the result and filed a separate concurring statement.

3. Appellee argues that if this court finds that the trial court erred in granting him credit, he should be entitled to serve the balance of his sentence on parole because "a prisoner cannot be compelled to serve a sentence in installments and has a right to serve his sentence continuously." Appellee's Brief at 12. In support of this argument, appellee relies on *Jacobs v. Robinson,* 49 Pa.Commw. 194, 410 A.2d 959 (1980).

In *Jacobs,* the defendant was sentenced to a term of two-to-five years imprisonment. After serving approximately six months, Jacobs was inadvertently released from jail due to a clerical error. Subsequently, Jacobs was apprehended and charged with escape. The Commissioner of Corrections dismissed the charges, but denied Jacobs credit for the time he was away from prison. The Commonwealth Court reversed, and directed that Jacobs be given credit for the time he was away from jail because he was released through no fault of his own.

The facts of this case are clearly distinguishable from *Jacobs.* Here, appellee voluntarily entered an in-patient treatment program prior to sentencing. Once sentenced, appellee then requested that the court give him credit for the time he spent in the program. Because appellee's program was entered voluntarily and did not result from a court order or sentence, the trial court had no authority to grant

appellee credit for the time he spent in the program. *See Commonwealth v. Conahan, supra.* In addition, we note that *Jacobs* did not involve a statute that *mandated* a minimum term of imprisonment as 75 Pa.C.S.A. § 3731(e) requires. Accordingly, appellee's reliance on *Jacobs* is misplaced; appellee is not entitled to serve the remainder of his sentence on parole because his own actions led to his release. *Accord Commonwealth v. Kriston, supra,* 390 Pa.Super. at 546–548, 568 A.2d at 1308–09 (defendant argued that *Jacobs* required him to be given credit for time spent in electronic home confinement because warden, acting under apparent authority, placed Kriston in program and assured him that time was applicable towards his mandatory sentence; held appellant not entitled to credit because appellant applied for release in program).