J-S08022-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                                   :   PENNSYLVANIA
                                                   :

v.                                :

TRACY E. WATTS,               :

             Appellant.    :   No. 1758 EDA 2018

Appeal from the Order, June 1, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0707102-2001.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:         **FILED MAY 03, 2019**

Tracy E. Watts appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On November 26, 2002, following a capital jury trial before the Honorable James Lineberger, [Watts] was convicted of one count each of first-degree murder, robbery, conspiracy, and possessing an instrument of crime. [Watts'] convictions stem from the May 5, 2001, fatal shooting of Marquis Henson, whom [Watts] shot five times and robbed of a large amount of U.S. currency before fleeing with a co-conspirator.  On November 27, 2002, before the Court began a penalty phase hearing, [Watts] agreed to waive his appellate rights in exchange for a life sentence.  The Court accepted this agreement and, on March 13, 2003, imposed an aggregate sentence of life in prison without parole.

_____

* Former Justice specially assigned to the Superior Court.

[Watts] was represented at trial and sentencing by Fred Harrison, Esquire.

[Watts] filed a direct appeal in this matter, but the appeal was discontinued on March 8, 2004. [Watts] then filed a *pro se* petition under the [PCRA] on March 15, 2004 ("First Petition"), arguing that his appellate waiver was involuntary due to counsel's ineffectiveness. [Watts'] First Petition was dismissed by the PCRA Court on June 15, 2005. The Superior Court affirmed the dismissal of [Watts'] First Petition on January 24, 2007. [Watts] sought federal review of his involuntary waiver claim through a petition for a writ of habeas corpus, which was denied by the federal court on November 21, 2008. On October 29, 2010, [Watts] filed a second *pro se* PCRA petition. On March 30, 2015, [Watts'] appointed counsel filed an Amended PCRA Petition ("Second Petition") raising the sole claim that newly discovered evidence revealed that trial counsel had a relationship with the decedent's father and failed to disclose the conflict of interest at trial. As Judge Lineberger had since left the bench, this matter was reassigned to the undersigned judge. On June 10, 2016, following an evidentiary hearing, the Court entered an order dismissing [Watts'] Second Petition. The Superior Court affirmed the dismissal of [Watts'] Second Petition on April 6, 2017, and on August 23, 2017, the [Pennsylvania] Supreme Court denied [*allocatur*].

On October 24, 2017, [Watts] filed a third *pro se* PCRA Petition ("Third Petition"), in which he claimed he possessed newly discovered evidence of police misconduct and prosecutorial misconduct.

PCRA Court Opinion, 9/17/18 at 1-2 (citations omitted).

On May 11, 2018, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intention to dismiss Watts' third PCRA petition without a hearing because it was untimely and otherwise without merit. Watts filed a response. By order entered June 22, 2018, the PCRA court dismissed the petition. This

timely appeal followed. Both Watts and the PCRA court have complied with Pa.R.A.P. 1925.

Although Watts now claims he has newly discovered evidence of police misconduct, the issue he raises in his brief is as follows:

> Did the PCRA Court err and/or abuse its discretion when it denied [Watts'] petition under the PCRA seeking a new trial based upon the ineffective assistance of counsel?

Watts' Brief at 4.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Halley*, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

Before addressing the merits of Watts' issue, we must first determine whether the PCRA court correctly concluded that Watt's third PCRA petition was untimely filed.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections

9545(b)(1)(i), (ii), and (iii), is met.[1]  42 Pa.C.S.A. § 9545.  A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  ***See Hernandez***, 79 A.3d 651-52 (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).[2]  Finally, exceptions to the PCRA's time bar must be pled in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

_____

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[2] Our legislature recently amended this section of the PCRA to provide petitioner's one year to file a petition invoking at time-bar exception.  ***See*** Act of 2018, October 24, P.L. 894, No. 146.  This amendment does not apply to Watts' serial petition.

Here, this Court has previously stated that because Watts "previously waived his direct appeal rights, we find his judgment of sentence became final for [PCRA] purposes on March 13, 2002." *Commonwealth v. Watts*, 169 A.3d 1141 (Pa. Super. 2017), unpublished memorandum at 2, n.1. Thus, Watts had until March 13, 2003, to file a timely PCRA petition. As he filed the petition at issue in 2017, it is untimely, unless Watts has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. *See Hernandez*, *supra*.

As noted above, Watts claims that he his third PCRA petition is not time-barred because he possesses newly discovered evidence of police and prosecutorial misconduct. The PCRA court determined that it did not have to address this contention because Watts was not entitled to post-conviction relief. The PCRA court summarized:

> [Watts] is not entitled to relief on any of [his] claims, as he previously waived his appellate rights, including his rights to collateral relief, in exchange for a life sentence in the instant case. In affirming the dismissal of [Watts'] First Petition, the Superior Court upheld that waiver, finding that [Watts'] decision to enter into the agreement was knowing, voluntary, and "well-reasoned." Superior Court Opinion, filed January 24, 2007, at p. 9. Accordingly, the Court's order dismissing [Watts'] Third Petition should be affirmed. *See Commonwealth v. Barnes*, 687 A.2d 1163, 1166-67 (Pa. Super. 1996) (upholding the validity of such waivers so long as they are entered into knowingly and voluntarily).

PCRA Court Opinion, 9/17/18, at 3 (footnote omitted).

Our review of the record supports the PCRA court's conclusions. Before affirming the PCRA court's denial of Watts' first PCRA petition, this Court thoroughly discussed Watt's verbal and written colloquies and concluded that they "dictate that we find his acceptance of the agreement both knowing and voluntary." *See Watts*, 919 A.2d. 978 (Pa. Super. 2007), unpublished memorandum at 6-8. In addition, we noted comments made by trial counsel at this time, as well as Watts' own comments to the victim's family, in which he understood he was waiving his right to seek a new trial. *Id.* at 9.

In sum, because Watts voluntary waived his right to seek relief in exchange for the Commonwealth's agreement not to seek the death penalty, we affirm the order denying post-conviction relief. *See Commonwealth v. Byrne*, 833 A.2d 729, 735 (Pa. Super. 2003) (noting, "a defendant is permitted to waive valuable rights in exchange for important concessions by the Commonwealth when the defendant is facing a slim possibility of acquittal"); *see also Commonwealth v. Nobles*, 198 A.3d 1101, 1105 (Pa. Super. 2018) (citing *Byrne*, 833 A.2d at 735) (explaining, "it would undermine the designs and goals of plea bargaining, and would make a sham of the negotiated plea process" if the defendant were to avoid "a specific term negotiated as part" of his plea).[3]

---

[3] To the extent that Watts attempts to challenge the validity of the waiver of his appellate and collateral rights in his reply brief, we additionally note that this issue was previously litigated under the PCRA, and may not be re-litigated again. 42 Pa.C.S.A. § 9544(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/19