J-S42020-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN THOMAS HEALY | : | No. 1260 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 12, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002720-2022

BEFORE:  BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY BOWES, J.:                          **FILED JUNE 06, 2024**

The Commonwealth of Pennsylvania appeals from the judgment of sentence of fifty-nine days to twenty-three months of incarceration, followed by two years of probation, imposed upon Kevin Thomas Healy ("Appellee") after he pled guilty to one count each of terroristic threats and recklessly endangering another person ("REAP").  We affirm.

This case stems from Appellee's drunken beratement of Sabrina DeOrdaz, an auto-repair employee, because Appellee's car was not ready when he arrived to pick it up.  When another employee, Eric Carey, came to defend Ms. DeOrdaz and asked Appellee to leave, Appellee pointed his firearm at Mr. Carey's head and indicated that he was going to shoot Mr. Carey. Appellee was arrested on scene.  The responding officers detected the odor of alcohol on Appellee's breath and charged him with aggravated assault,

terroristic threats, possession of an instrument of crime, simple assault, REAP, public drunkenness, and three counts of disorderly conduct.

Following Appellee's release on bail, he voluntarily entered inpatient treatment for alcoholism at Malibu Wellness Ranch ("the Wellness Ranch"). He subsequently entered a negotiated guilty plea to terroristic threats and REAP. Sentencing was deferred for the completion of a presentence investigation ("PSI") report. Ultimately, the court imposed the above-referenced terms of incarceration and probation concurrently at each count. At Appellee's request, the court awarded fifty-nine days of credit for time spent in inpatient treatment at the Wellness Ranch. The Commonwealth, represented by a substitute attorney at the sentencing hearing, did not argue against the request. Thereafter, the Commonwealth filed a post-sentence motion seeking to introduce victim impact statements and challenging the inpatient credit award. The court held a reconsideration hearing, where it heard from the victims but upheld the original sentence and award of credit.

This timely appeal followed. The Commonwealth filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal in compliance with the trial court's order, and the trial court issued a responsive Rule 1925(a) opinion. In this Court, the Commonwealth presents two issues:

> I. Whether the court abused its discretion when imposing a sentence that failed to protect the public by ignoring aggravating factors, the violent nature of the crime and its impact on the victims, the societal interest in deterring gun violence, while offering flawed reasons for deviating from the standard guideline range and imposing a lenient

> sentence of probation with time credit at [the] Wellness Ranch, for pointing a loaded handgun at multiple victims while threatening to shoot them in the face?
>
> II. Whether the sentencing court abused its discretion in fa[i]ling to consider relevant evidence regarding the issue of time credit or allow for a continuance to secure additional witnesses?

Commonwealth's brief at 6 (capitalization altered).[1]

The Commonwealth challenges the discretionary aspects of Appellee's sentence, an issue for which there is no automatic right of appellate review. Upon review of the pertinent filings, we conclude that the Commonwealth has invoked our jurisdiction by (1) timely filing a notice of appeal, (2) preserving the issues through a post-sentence motion, (3) including a Pa.R.A.P. 2119(f) statement in its brief, and (4) presenting a substantial question. *See Commonwealth v. Perzel*, 291 A.3d 38, 46 (Pa.Super. 2023) (setting forth the four-part test for this Court to review discretionary sentencing claims); *Commonwealth v. Baker*, 311 A.3d 12, 18 (Pa.Super. 2024) (noting that a claim of unreasonable lenience raises a substantial question).

Turning to the merits of the Commonwealth's issues, our review is guided by the following principles:

> [S]entencing is vested in the sound discretion of the sentencing court, and we shall not disturb a sentence absent a manifest abuse of discretion.

_____

[1] In the cursory argument sections of its brief, the Commonwealth fails to cite to the record, provide the relevant sentencing guideline ranges, or set forth a detailed analysis. However, while the brief is certainly not a model of adherence to our Rules of Appellate Procedure, we do not find its failings so severe as to hamper our ability to review the Commonwealth's claims.

- 3 -

In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Schroat*, 272 A.3d 523, 527–28 (Pa.Super. 2022)

(cleaned up). Further, we are limited to the requirements set forth in 42

Pa.C.S. § 9781(c) and (d), which provide as follows:

**(c) Determination on appeal.--**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.--**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781.

According to the Commonwealth, the sentence imposed was too lenient in light of "the need to deter gun violence," Appellee's "statement in the PSI [report] blaming the victims and minimizing his conduct[,]" and Appellee's misconduct that resulted in a temporary protection from abuse order being obtained against him while on bail. *See* Commonwealth's brief at 12. Additionally, it points to the testimony offered at the reconsideration hearing regarding how Appellee's actions negatively affected the victims. *Id*. The Commonwealth maintains that in imposing the sentence it did, the court ignored these aggravating factors. *Id*.

Upon review, we do not agree. At the original sentencing hearing, the trial court had the benefit of a PSI report, which it took into full consideration. The court also detailed that Appellee had led a relatively long crime-free life, that the underlying criminal conduct was the result of a relapse in his alcoholism, and that he promptly sought treatment. *See* N.T. Sentencing, 4/12/23, at 5-6, 8-9. At the reconsideration-of-sentence hearing, the court clearly considered, and grappled with, the seriousness of Appellee's conduct in brandishing a firearm and the significant impact that action had on the victims. *See* N.T. Reconsideration, 5/5/23, at 13 (noting that the fact Appellee pointed a gun "did not sit well with" the court and it "was one of the most serious considerations that th[e c]ourt had. . . . I can't imagine the fear that that conduct by the defendant, how that impacted the victims. . . , and

so I have thoroughly considered that"); *id*. at 17 ("I do recall that I struggled, because I did not want to unnecessarily give him a mitigated range sentence, because . . . in the [c]ourt's estimation the use of a firearm takes things to the next level[.]").

Thus, the certified record indicates that the trial court considered all necessary factors and fashioned a sentence it deemed appropriate. Accordingly, we discern no abuse of discretion on the trial court's part. *See* **Commonwealth v. Torres**, 303 A.3d 1058, 1065 (Pa.Super. 2023) ("Where the trial court is informed by a PSI, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." (cleaned up)).

Next, the Commonwealth argues that the trial "court abused its discretion in refusing to consider relevant evidence on whether or not the Wellness Ranch . . . Appellee attended was sufficiently 'custod[ial]'" for purposes of time credit. Commonwealth's brief at 13-14 (capitalization altered). It contends that the trial court simultaneously rejected the evidence it attempted to offer at the reconsideration hearing and denied its request for a continuance to obtain more evidence in that regard. *Id*. at 13. While seemingly an evidentiary issue, the crux of the Commonwealth's argument concerns the trial court's decision to grant credit while "refusing to consider relevant evidence on whether or not the [Wellness Ranch] was sufficiently 'custod[ial]' under the Sentencing Code." *Id*. at 14.

Credit for time served is governed by 42 Pa.C.S. § 9760, which provides in pertinent part as follows:

Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). If the conditions of § 9760(1) "are met, then the defendant is entitled to credit as of right." *Commonwealth v. Nobles*, 198 A.3d 1101, 1106 (Pa.Super. 2018) (cleaned up). Even if those conditions are not met, a court may still award credit in its discretion. *Id*. at 1110-11. Specifically regarding credit for inpatient treatment, we have explained:

[W]hether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness. If a defendant is ordered into inpatient treatment by the court, *e.g.,* as an express condition of pre-trial bail, then he is entitled to credit for that time against his sentence. By contrast, if a defendant chooses to voluntarily commit himself to inpatient rehabilitation, then whether to approve credit for such commitment is a matter within the sound discretion of the court.

*Commonwealth v. Toland*, 995 A.2d 1242, 1250–51 (Pa.Super. 2010) (cleaned up).

Here, Appellee sought fifty-nine days of credit for his voluntary admission into two rehabilitation programs at the Wellness Ranch. In support of this request, he submitted two letters from the facility confirming the dates of his enrollment. As to the restrictiveness, the letters stated that the Wellness Ranch is a "long-term residential care facility for men and women

with chemical dependency. It is a structured environment with 24-hour monitoring and urine screening as well as daily groups, individual therapy, and daily AA meetings." Sentencing Memorandum, 4/6/23, at Exhibit B (Malibu Wellness Ranch letter, 3/24/23).

At Appellee's original sentencing hearing, there was no testimony regarding the restrictiveness of the facility's program and the court provided no explanation of its reasoning for granting the request for credit. The Commonwealth was represented by a substitute attorney who attempted to convey the assigned attorney's notes to the court. In doing so, she stated that she was "not clear on the – I'm assuming you're looking to give him, or argue for time credit for in-patient, but I'm not clear on what that number is." N.T. Sentencing, 4/12/23, at 6. After the number was calculated, she provided the court with a recommendation of "an aggregate of [three] to [twenty-three] plus [two] years [of] probation, with the time credit for the in-patient and the incarceration."[2] *Id*. at 8.

_____

[2] It appears that the Commonwealth was recommending Appellee receive credit for his inpatient treatment. If so, it was inappropriate to thereafter complain that the court did as it asked. However, we will assume for the sake of argument that the Commonwealth was not suggesting that Appellee be credited for his inpatient treatment at the sentencing hearing, but instead was stating what it believed the court would do with the requested time credit. *See* N.T. Reconsideration, 5/5/23, at 18 (Commonwealth arguing that during the sentencing hearing the substitute attorney "didn't agree" with awarding time credit, but "left it to the [c]ourt's discretion").

In a post-sentence motion, the Commonwealth's regularly-assigned attorney for this case challenged the court's decision to award time credit because Appellee had not sufficiently established the restrictiveness of the Wellness Ranch. At the reconsideration hearing, the trial court placed the burden upon the Commonwealth to establish that the facility's purported laxness should deprive Appellee of credit for time spent receiving treatment there. *See* N.T. Reconsideration, 5/5/23, at 11-12 (asking the Commonwealth if it had any information about the program and what was required of Appellee); *id*. at 13 ("[I]f you want me to not give him credit give me something more than a webpage[.]"). The Commonwealth attempted unsuccessfully to introduce portions of the facility's webpage in support but did not otherwise admit evidence or testimony regarding the treatment Appellee received. Likewise, Appellee proffered no testimony regarding his program of care.

The trial court noted that the Commonwealth did not oppose the award at sentencing and that, despite other defendants having been awarded credit for inpatient treatment at the Wellness Ranch in the past, this was the first time the Commonwealth was challenging the court's discretion in that regard. *Id*. at 18-19. The court respected the Commonwealth's unique position in this case given Appellee's use of a firearm in the underlying offense but held that if the Commonwealth was "going to file a motion where you're contesting [credit], then you better have the facts to back that up and you don't." *Id*.

at 19. Therefore, the court upheld its award of credit for time spent at the Wellness Ranch. *Id*. at 23-24 ("I have not heard anything that tells me that the treatment, the inpatient treatment, that he should not receive credit.").

The certified record reveals that the court was satisfied, based upon its familiarity with the Wellness Ranch and the letters from the facility on Appellee's behalf, that he deserved credit for the treatment he received. While we agree with the Commonwealth that Appellee did not demonstrate that he was **entitled** to time credit as of right, the Commonwealth has nonetheless failed to establish that the court abused its discretion in granting credit under these circumstances. *See Toland*, 995 A.2d at 1250-51.

Insofar as the Commonwealth contends that the trial court erred in failing to grant it a continuance at the reconsideration hearing to obtain evidence to support its argument regarding credit, we note that the Commonwealth did not attempt to contact anyone from the Wellness Ranch before or after filing the post-sentence motion. Therefore, we find that the court did not abuse its discretion in denying the Commonwealth's continuance request. *See Commonwealth v. Bozic*, 997 A.2d 1211, 1225 (Pa.Super. 2010) ("Appellate review of the trial court's decisions on continuance motions rests on an abuse of discretion standard." (cleaned up)).

Based on the foregoing, we conclude that the Commonwealth has provided no basis for us to disturb Appellee's judgment of sentence.

Judgment of sentence affirmed.

Judge Stabile joins.

Judge Dubow files a Concurring Memorandum.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/6/2024