J-S23037-21

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVE KEECH, | : | |
| | : | |
| Appellant | : | No. 363 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 13, 2020
in the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001928-2019

BEFORE: LAZARUS, J., KUNSELMAN, J. and COLINS, J.*

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 8, 2021**

Appellant, Dave Keech, appeals from his November 13, 2020 judgment of sentence following his open guilty plea to one count of Homicide by Vehicle While Driving Under the Influence ("DUI"), 75 Pa.C.S. § 3735, one count of Aggravated Assault with DUI, 75 Pa.C.S. § 3735.1, and two counts of Recklessly Endangering Another Person ("REAP"), 18 Pa.C.S. § 2705. On appeal, Appellant challenges the legality of his sentence based on the trial court's declination to award him credit for time served. He also challenges the discretionary aspects of his sentence. Because the certified record is incomplete and the trial court has requested to reconsider its denial of time credit, we vacate and remand for further proceedings consistent with this memorandum. In all other respects, we affirm the judgment of sentence.

*Retired Senior Judge assigned to the Superior Court.

This case stems from a motor vehicle accident, which occurred on November 9, 2018. Appellant, while driving under the influence of multiple controlled substances, caused his vehicle to crash into a vehicle driven by Katherine Lawrence ("Katherine"). The impact killed Katherine and seriously injured Katherine's passenger and adult son Brett Lawrence ("Brett").[1]

At Appellant's September 15, 2020 plea hearing, Appellant pleaded guilty to the following set of facts as set forth by the Commonwealth.

> [O]n November 9th of 2018, at approximately 9:48 a.m. at 1048 West Lincoln Highway in Valley Township, Chester County, Pennsylvania, the vehicle Appellant was operating, a 2017 Ford F-250, crashed head on into the vehicle being operated by Katherine[. H]er son [Brett was riding in the car as] a passenger. As a result of the crash, Katherine died from blunt force trauma to her head, torso[,] and extremities. Brett suffered a broken leg and hip, which has required several surgeries[. H]e has been notified that he will most likely require surgeries for the rest of his adult life, based on those injuries. An investigation revealed the following: law enforcement reviewed the Crash Data Recorder also known as the CDR from Appellant's vehicle. Appellant's vehicle was travelling 47 miles per hour, 12 miles per hour over the 35 miles per hour speed limit. The CDR showed Appellant never applied the brakes on his vehicle. The CDR and the analysis of the scene indicated that Appellant's vehicle drifted almost completely into the oncoming lane of traffic. The CDR indicates that there is no evidence of corrective actions by Appellant until .2 seconds before impact. All of the evidence gathered showed a driver who was unresponsive to any roadway or traffic stimulus. Further analysis of the scene showed that Katherine attempted to veer right to avoid [Appellant's] oncoming vehicle, which was the appropriate corrective and responsive action of a driver in that situation. A blood draw of Appellant conducted within two hours tested positive for methamphetamine, diazepam[,] and fentanyl in quantities that would impair a person's ability to operate a

---

[1] Brett's name also appears in the record as Brent. We use the name set forth on the Commonwealth's information.

> motor vehicle. The analysis of Appellant's blood plus the investigation led to the conclusion that Appellant was under the influence of controlled substances at the time of the accident and that was the proximate cause of the accident that killed Katherine and severely injured Brett.

Trial Court Opinion, 2/25/21, at (citing N.T., 9/15/20, at 3-4) (identifiers modified).

Following the prosecutor's recitation of facts, Appellant tendered an open guilty plea. The trial court ordered and later reviewed a Pre-Sentence Investigative ("PSI") Report. On November 13, 2020, the trial court sentenced Appellant to four to ten years' incarceration on Count I, Homicide by Vehicle while DUI; two to five years' incarceration on Count II, Aggravated Assault with DUI, to run consecutive to the sentence imposed on Count I; one year of probation on Count VII, REAP, to run concurrent to the incarceration sentence imposed at Count I; and one year of probation on Count VIII, REAP, to run concurrent to the probation sentence imposed on Count VII. In the aggregate, Appellant's sentence totaled six to fifteen years.

Appellant timely filed a post-sentence motion, which the trial court denied by order entered November 20, 2020. Appellant then timely filed a notice of appeal. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant raises the following issues on appeal, which we have re-ordered for ease of disposition.

I. Did the trial court err in imposing a top of the aggravated range sentence on Count [I], Homicide by Vehicle While [DUI,] when no aggravating factors were present to justify the aggravated range sentence?

II. Did the trial court abuse its discretion when it imposed an aggregate sentence of six to fifteen years' confinement with two years' concurrent probation? Was the sentence imposed in this case which was composed of a top of an aggravated range sentence manifestly unreasonable and excessive?

III. Did the trial court err in not awarding Appellant credit for time spent at Keenan House (5/1/19 through 7/31/19) which he was entitled to pursuant to *Commonwealth v. Cozzone*, 593 A.2d 860 (Pa. Super. 1991)?

Appellant's Brief at 4 (footnote, duplicate numbers, and unnecessary capitalization omitted). Appellant's first two issues implicate the discretionary aspects of his sentence and his third issue challenges the legality of his sentence.

### Discretionary Aspects of Sentence

We bear the following in mind when reviewing Appellant's first two issues.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

When imposing a sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer

to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Rivera*, 238 A.3d 482, 498-99 (Pa. Super. 2020); *see also* 42 Pa.C.S. § 9781(d). Sentencing in Pennsylvania is individualized and requires the trial court to fashion a sentence "that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[.]" 42 Pa.C.S. § 9721(b). The trial court must also consider the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing. *Id.*

However,

[a]n appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014).

Appellant has satisfied the first three requirements: he timely filed a notice of appeal, preserved the issue in a post-sentence motion and

- 5 -

arguments at his sentencing hearing, and included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we now consider whether Appellant has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *Commonwealth v. Paul*, 925 A.2d 825, 828 (Pa. Super. 2007). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (citation and quotation marks omitted). "In determining whether a substantial question exists, our inquiry must focus on the **reasons** for which the appeal is sought in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits." *Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citation, alterations, and quotation marks omitted; emphasis in original).

In his Rule 2119(f) statement, Appellant first requests that this Court review his sentence because the trial court did not provide adequate reasons on the record for sentencing him in the aggravated range for Homicide by Vehicle While DUI. Appellant's Brief at 13 (citing *Commonwealth v. Bromley*, 862 A.2d 598, 604 (Pa. Super. 2004) (holding a claim that a sentencing court sentenced a defendant in the "aggravated range without

placing adequate reasons on the record" raises a substantial question warranting review)). Pursuant to **Bromley**, we will review Appellant's first issue relating to the adequacy of the reasons for imposing an aggravated range sentence at Count I.

Turning to the merits of his first issue, Appellant presents the following arguments.[2] Appellant argues the offense gravity score and statutory mandatory minimum sentence applicable to the Homicide by Vehicle While DUI count already considers the severity of his crime. Appellant's Brief at 23.

---

[2] Appellant also sets forth a myriad of reasons he contends the trial court should have relied upon to impose a lesser sentence. Appellant's Brief at 22-23. This argument, which essentially asks this Court to re-weigh the sentencing factors, exceeds the scope of the substantial question he presented in his Rule 2119(f) statement and expands upon the issue listed in his statement of questions presented. Furthermore, a claim that "a court did not weigh the factors as an appellant wishes does not raise a substantial question." **Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014). **But see Commonwealth v. Felmlee**, 828 A.2d 1105, 1107 (Pa. Super. 2003) ("[Felmlee's] claim that the court erred by imposing an aggravated range sentence without consideration of mitigating circumstances raises a substantial question.").

Even if Appellant did properly present a substantial question regarding the court's weighing of mitigating factors, we observe that the trial court had the benefit of a PSI report. "Where the trial court had the benefit of a [PSI report], we can assume the trial court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Griffin**, 65 A.3d 932, 937 (Pa. Super. 2013) (citation and quotation marks omitted). This is especially true when the trial court, as it did in this case, specifically acknowledged the mitigating evidence present but nonetheless determined that the sentence imposed was appropriate for the reasons given. N.T., 11/13/20, at 29-30. Moreover, even if we found the facts Appellant emphasizes to be persuasive, "[w]e cannot re-weigh the sentencing factors and impose our judgment in the place of the trial court." **Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009).

He further argues the trial court did not provide his positive drug screens as a reason at the sentencing hearing to aggravate the sentence for Homicide by Vehicle While DUI. *Id.* at 24. At any rate, Appellant contends his chemical addiction should be a mitigating factor, not an act of willful defiance justifying an aggravated sentence. *Id.*

The trial court offered the following analysis of Appellant's first issue.

> The offense of Homicide by Vehicle While DUI, codified at 75 Pa.C.S.A. § 3735, is a Felony of the Second Degree (F-2). *Id.* It carries an Offense Gravity Score of 10. Appellant has a Prior Record Score of 0. Within these parameters, the Sentencing Guidelines call for confinement for a period of 22 to 36 months, plus or minus 12 months for the aggravated and mitigated ranges, respectively.
>
> Notwithstanding the Sentencing Guidelines, the statute codifying the crime of Homicide by Vehicle While DUI requires [the trial court] to sentence a defendant to a mandatory minimum period of incarceration of 36 months, or 3 years. 75 Pa.C.S.A. § 3735(a)(2). Appellant was sentenced to the top of the aggravated range of 48 months, or 4 years, 3 of which constituted his mandatory minimum.
>
> The additional 1 year of prison imposed upon Appellant for this offense was necessitated, from [the trial court's] perspective, for the reason that Appellant not only killed someone while driving under the influence of controlled substances, but while on supervision related to that killing, awaiting trial in the matter *sub judice*, and both before and after having spent 3 months in a residential substance abuse treatment program, Appellant tested positive 6 times for the use of controlled substances (inclusive of the test that yielded abnormal creatinine results), some of which were the same substances he had ingested when he got behind the wheel on November 9, 2018 and killed [Katherine]. Neither killing someone, supervision by the [trial court] related to same, nor his time in [an inpatient rehabilitation program] was sufficient to wake him up to the dangers and severity of his addiction. His multiple positive substance abuse tests while under supervision

and awaiting trial in the above-captioned matter and both before and after having undergone intensive in-patient therapy are not only an affront to the [trial court] but a slap in the face to the victim's surviving family. [The trial court] made it known on the record that Appellant's sentence on this offense was being aggravated due to these factors. (Sentencing Transcript, 11/13/20, N.T. 29-30). There was ample support for the [trial court's] decision to aggravate Appellant's sentence on this conviction, and to do so at the highest level available under the [Sentencing] Guidelines. Anything less would have depreciated the significance of Appellant's actions and made a mockery of the justice system in the eyes of the victims, their relatives, and the community. ***See Commonwealth v. Bowen***, 975 A.2d 1120 (Pa. Super. 2009) (a sentencing court may consider any legal factor in determining that a sentence in the aggravated range should be imposed; in addition, the sentencing judge's statement of reasons on the record must reflect this consideration, and the sentencing judge's decision regarding the aggravation of a sentence will not be disturbed absent a manifest abuse of discretion).

Trial Court Opinion, 2/25/21, at 10-12 (party designation modified; duplicative numbers omitted).

Our review of the record reveals that the trial court ensured the correct guideline sentence along with mitigated and aggravated ranges were placed on the record at the sentencing hearing. N.T., 11/13/20, at 16-17. The Commonwealth requested that the court sentence Appellant to a sentence within the aggravated range, whereas Appellant's counsel attempted to convince the trial court that an aggravated range sentence was not warranted. *Id.* at 14.

As noted, the trial court ultimately adopted the Commonwealth's recommendation and sentenced Appellant to an aggravated range sentence.

Although Appellant contends that his sentence for Homicide by Vehicle While DUI is outside of the guidelines, **see** Appellant's Brief at 12, 36, Appellant is mistaken. A sentence within the aggravated range "still constitute[s] a sentence within the sentencing guidelines." **Bowen**, 975 A.2d at 1128. Our duty on appellate review is to determine whether a sentence within the guidelines is "clearly unreasonable." **See** 42 Pa.C.S § 9781(c)(2) (requiring this Court to vacate the sentence if a sentence within the guidelines is clearly unreasonable; otherwise, requiring us to affirm).

Furthermore, as the trial court notes in its Rule 1925(a) opinion, it provided reasons on the record for its sentence in accordance with 42 Pa.C.S. § 9721 (requiring a trial court to state the reasons for the sentence in open court at the time of the sentence). Our review confirms the trial court stated in open court that it had considered the PSI; the parties' sentencing memoranda; the letters submitted in support of Appellant; victim impact statements; the sentencing guidelines; Appellant's lack of criminal record; his guilty plea; the danger Appellant he poses to the public by getting behind a wheel while suffering from substance abuse addiction; Appellant's numerous positive drugs tests while on pre-trial supervision; his remorse as demonstrated during his allocution to the court; and the requests of the parties. N.T., 11/13/20, at 29-30. The trial court explained that it was giving weight to Appellant's continued drug use even after he killed Katherine, seriously injured Brett, and underwent inpatient treatment. **Id.** In the trial

- 10 -

court's view, these reasons underscored Appellant's obvious need for treatment within the confines of a state correctional institution. ***Id.***

Thus, Appellant's argument that the trial court failed to place any reasons at all for his aggravated sentence on Count I is belied by the record, as is his contention that the trial court failed to offer the positive drug tests as a justification. As to the adequacy of the trial court's reasons, while Appellant is correct that the offense gravity score of 10 reflects the severity of the crime, the trial court's explanation indicates that it found Appellant's multiple positive drug screens while on bail to be a significant concern. Appellant has failed to convince us that his sentence was clearly unreasonable or that the trial court abused its discretion by considering Appellant's continued inability to address his substance abuse as an aggravating factor. Accordingly, no relief is due on Appellant's first issue.

Turning to Appellant's second issue, which asks this Court to decide whether Appellant's aggregate sentence composed of an aggravated range sentence consecutive to a standard range sentence is manifestly unreasonable and excessive, we observe that Appellant's Rule 2119(f) statement does not address this issue. Beyond the Rule 2119(f) statement, the only other place this Court may look to determine whether Appellant's second issue presents a substantial question warranting our review is the statement of questions presented section of his brief. ***See Commonwealth v. Barnes***, 167 A.3d 110, 123 (Pa. Super. 2017) (*en banc*) ("We cannot look beyond the statement

of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists.").

The second issue as presented in Appellant's statement of questions does not raise a substantial question. A claim of excessiveness based on the imposition of consecutive sentences does not raise a substantial question, unless the imposition of consecutive sentences raises the "aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." ***Commonwealth v. Mastromarino***, 2 A.3d 581, 587 (Pa. Super. 2010). Appellant's aggregate sentence of 6 to 22 years' imprisonment does not appear excessive on its face in light of the criminal conduct for which Appellant was convicted. Accordingly, he has not invoked this Court's jurisdiction by presenting a substantial question in his second issue.[3]

### Legality of Sentence

In his third issue, Appellant asserts that the trial court erred by failing to grant him time credit for pre-trial time spent at Keenan House, an inpatient drug rehabilitation facility. He argues that the time he spent there from May 1 to July 31, 2019, was involuntary and ordered as a condition of his bail.

---

[3] Even if we were to review the merits of his second issue, we observe that the arguments Appellant presents are largely repetitive of the arguments he presents in relation to his first issue. ***Compare*** Appellant's Brief at 15-24 ***with id.*** at 35-38. As we have explained, these arguments merit him no relief.

Appellant's Brief at 33. He highlights language in various trial court orders he contends support his argument that his release from Chester County Prison was dependent upon his admission to Keenan House and successful completion of the program. *Id.* at 31-34. According to Appellant, his bail would have been revoked if he walked away from Keenan House, and therefore the trial court erred by refusing to award him time credit for the time spent there. *Id.* at 34.

In reviewing this issue, we bear in mind the following. A challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence. *Commonwealth v. Nobles*, 198 A.3d 1101, 1106 (Pa. Super. 2018). "Because the legality of a sentence raises questions of law, our standard of review is *de novo*, and our scope of review is plenary." *Id.*

The governing statute provides the following.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1).

"Section 9760(1) contains two general elements: (1) the time must be 'spent in custody' and (2) the time must be 'as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which

such a charge is based.'" ***Nobles***, 198 A.3d at 1106 (quoting 42 Pa.C.S. § 9760(1). "If both conditions are met, then the defendant is entitled to credit as of right." ***Id.***

As our Supreme Court has recognized, section 9760 does not define the phrase "spent in custody." ***Commonwealth v. Conahan***, 589 A.2d 1107, 1109-10 (Pa. 1991). However, the Court has construed such term to include "time spent in institutionalized rehabilitation and treatment programs." ***Id.*** As Appellant recognizes in his brief, the question of "whether a defendant is entitled to credit for time spent in an inpatient drug or alcohol rehabilitation facility turns on the question of voluntariness." ***Commonwealth v. Toland***, 995 A.2d 1242, 1250 (Pa. Super. 2010). A defendant who enters "a rehabilitation facility as a condition of bail in order to avoid pre-trial imprisonment" is entitled to credit for time spent therein. ***Commonwealth v. Cozzone***, 593 A.2d 860, 867-68 (Pa. Super. 1991). By contrast, the decision whether to award credit to a defendant who voluntarily enters an inpatient rehabilitation facility is wholly within the discretion of the trial court and not mandated by law. ***Commonwealth v. Conahan***, 589 A.2d 1107, 1110 (Pa. 1991).

Although Appellant presented this claim to the trial court at sentencing and in a post-sentence motion, the trial court requests that we remand this matter to permit the trial court to develop further the record factually. Trial Court Opinion, 2/25/21, at 16. According to the trial court, the record contains

inadequate facts to permit the court to determine whether Appellant's claim has merit, such as the conditions of the Keenan House. *Id.* The trial court also questions whether a bail order directing inpatient treatment is dispositive of the issue of voluntariness. *Id.* In *Toland*, this Court affirmed the denial of time credit, notwithstanding a directive in Toland's bail order that he "shall enter and complete [a] comprehensive in-patient alcohol/drug treatment program." *Toland*, 995 A.2d at 1251-53. The trial court in *Toland* determined that Toland voluntarily checked himself into treatment and denied him credit. The trial court in the instant case requests an opportunity to determine whether *Toland* is dispositive of Appellant's case, or whether *Cozzone* is applicable. Trial Court Opinion, 2/25/2021, at 16-17. It also questions whether Appellant forfeited any credit by testing positive for drugs while on pre-trial bail after completing the program. *Id.*

Appellant disagrees that *Toland* is dispositive of his case or that a remand is necessary. Appellant distinguishes *Toland* on the basis that the defendant had been released on bail for one month prior to entering an inpatient treatment facility. Appellant's Brief at 31. Toland also admitted in an affidavit that he entered treatment voluntarily and only claimed it was to avoid prison and due to the condition of his bail when he attempted to obtain time credit. *Id.*; *Toland*, 995 A.2d at 1251. While on bail, Toland was re-arrested for public drunkenness, hospitalized to detox, and transferred from the hospital to a private facility the trial court described as a "mile[-]high

scenic mountain getaway." **Toland**, 995 A.2d at 1252; **see also id.** (describing the facility as an "apartment-style living situation in which [Toland] did his own shopping, had a part-time job, and was free to wander about the community"). The trial court also made a finding that Toland was attempting to "game the system" and delay his trial until he spent the equivalent of his mandatory minimum sentence in the rehabilitative facility. **Id.**

Appellant argues that unlike **Toland**, the April 17, 2019 amended bail order in his case quashed an active warrant issued after he tested positive for drugs and his bail was revoked; remanded Appellant to Chester County Prison; reinstated bail "once a bed date [could be] secured by County Drug and Alcohol Dept;" and directed Appellant to undergo a drug evaluation and follow all recommended treatment. Appellant's Brief at 31 (citing Order, 4/17/19, at 1).

Appellant also relies upon a April 26, 2019 order, which reinstated cash bail and noted it was already posted; ordered Appellant to be released from Chester County Prison to a representative of Keenan House on May 1, 2019, for transport to inpatient treatment; directed Appellant to follow all treatment recommendations and any aftercare; removed the detainer; and noted that the order "does not act as a Release Order and defendant in custody shall remain in custody until a Release Order is signed." Appellant's Brief at 32 (quoting Order, 4/26/19, at 1). Appellant argues that these orders

demonstrate that like ***Cozzone***, he entered inpatient treatment as a condition of bail in lieu of incarceration.

The April 26, 2019 order, however, does not appear in the certified record except as an attachment to Appellant's post-sentence motion. ***See*** Motion to Modify and Reduce Sentence, 11/18/20, at unnumbered attachment. We may consider only the facts which have been duly certified in the record on appeal, and it is the duty of all involved to take steps necessary to assure that we have a complete record on appeal. Pa.R.A.P. 1921, Comment. In light of the trial court's request to develop the record further and the absence of the April 26, 2019 order relied upon by Appellant, we are constrained to remand the case to the trial court to permit further development of the record. On remand, the trial court must conduct proceedings to determine whether Appellant is entitled to time credit by law or whether the trial court retains the discretion to address his request as it sees fit.

## Conclusion

For the foregoing reasons, we vacate the denial of time credit and remand for further proceedings on that issue. We affirm Appellant's judgment of sentence in all other respects.

Judgment of sentence affirmed in part and vacated in part. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/8/2021